**UNITED STATES of America, Plaintiff,**

v.

**Harold RENTAS, Defendant.**

No. 01 Cr. 288.

United States District Court, S.D. New York.

Aug. 25, 2008.

Edward C. O'Callaghan, Assistant United States Attorney, Mary Jo White, United States Attorney, Criminal Division, New York, NY, for Plaintiff.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. *INTRODUCTION*

Defendant Harold Rentas ("Rentas") filed a motion on June 10, 2008, and a supplemental motion on July 28, 2008 (collectively, the "Motions"), requesting early termination of his term of supervised release. Rentas was convicted of conspiracy to distribute one kilogram or more of heroin following his guilty plea, and, on February 14, 2002, the Court sentenced Rentas to seventy months' imprisonment, to be followed by five years' supervised release.[1] Rentas was released from custody on or about April 1, 2005, and has therefore served approximately three years and four months of his term of supervised release.

In response to the Motions, the Government has informed the Court by letter dated August 12, 2008 that it takes no position with regard to the relief sought herein, and indicates that Rentas's supervising probation officer (the "Supervising Probation Officer") would have no objection if the Court were to grant the Motions.

### II. *DISCUSSION*

Pursuant to 18 U.S.C. § 3583(e) ("§ 3583(e)"), a district court, "after con-

---

**1.** The applicable ten-year mandatory minimum sentence under 21 U.S.C. 841(b)(1)(A) did not apply in the instant case because Rentas was safety-valve eligible.

sidering the factors set forth in section 3553(a)," may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997).

Upon due consideration, the Court is persuaded that Rentas has presented sufficiently compelling grounds to warrant the relief he requests in accordance with factors applicable under 18 U.S.C. § 3553(a) and 3583(e). The Government, after speaking with the Supervising Probation Officer, informed the Court that Rentas has steady employment since his release from prison in 2005, and that he is currently employed as a service representative with a lawn care service. The Government also informed the Court that Rentas is now married, and his wife is also employed. Furthermore, the Government states that Rentals successfully completed an outpatient drug treatment program in or about July 2006, and, although Rentas is being tested for drug use every four to six month, Rentas has not tested positive for drug use during his supervised release term. The Supervising Probation Officer reports making unannounced home visits to Rentas roughly once every three months, and that Rentas is required to submit a written report each month, along with proof of income. The Supervising Probation Officer also states that Rentas has complied with all directives, has never

been difficult to locate, and has had no arrests or run-ins with law enforcement during his supervised release term. Therefore, the Court finds that Rentas's exemplary law-abiding behavior demonstrates "changed circumstances" that warrant a reduction of the term of supervised release in accordance with 18 U.S.C. § 3553(a) and 3583(e). *Lussier,* 104 F.3d at 36.

Accordingly, Rentas's Motions for termination of supervised release are GRANTED.

## III. *ORDER*

**ORDERED** that the motions of defendant Harold Rentas (Docket Nos. 22 and 23) for early termination of his term of supervised release are GRANTED.

**SO ORDERED**